```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        COOKEVILLE DIVISION
```

ALLSTATE INSURANCE COMPANY,      )
                                 )
         Plaintiff                )
                                 )
v.                               )
                                 )
ROBERT HILL, SR., AUDRY HILL,    )    No. 2:10-0085
ROBERT HILL, JR., a minor,       )    Judge Campbell/Brown
KENNY RAY HUDDLESTON, and        )
PATTY SEWELL, in her capacity    )
as Administratrix of the Estate  )
of KENNETH HALL HUDDLESTON,      )
Deceased,                        )
                                 )
         Defendants               )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

  A. BRIEF THEORIES OF THE PARTIES:

  1. PLAINTIFF: On February 16, 2008 Robert Hill, Sr. shot and killed Kenneth Hall Huddleston. Allstate insured Robert Hill, Sr. under a homeowner's policy and a personal umbrella policy. Both policies contain exclusions for intentional acts. Furthermore, the homeowner's policy contains a joint obligations clause which precludes coverage for any insured based upon the intentional actions of an insured. Allstate requests the Court to declare there is no insurance coverage for Robert Hill, Sr., Audrey Hill, Robert Hill, Jr., or any other person under the homeowner's policy. Allstate further requests this Court declare there is no

insurance coverage for Robert Hill, Sr. under the personal umbrella policy due to his intentional acts.

    2. HILL DEFENDANTS: The defendant, Robert Hill, Sr.'s personal umbrella policy issued by Allstate Insurance Company defines an "occurrence" as including ".... personal injury and property damage caused by an insured while trying to protect persons or property from personal injury or property damage". The Hill Defendants insist that this definition of "occurrence" clearly places an obligation to defend and indemnify the Hills without reservation under the current factual situation. The Hills further maintain that the actions of Robert Hill, Sr. were neither intentional nor criminal and therefore are subject to indemnification under the policies.

    3. HUDDLESTON DEFENDANTS:  Allstate expects to move for default as to these Defendants.

  C. ISSUES RESOLVED: None

  D. ISSUES STILL IN DISPUTE: Insurance coverage.

  E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 1, 2010**.

  F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **March 1, 2011**. Discovery is not stayed during dispositive motions, unless ordered by the Court. No Motions concerning discovery are to be filed until

after the parties have conferred in good faith and are unable to resolve their differences, have scheduled and participated in a conference call with Judge Brown. The deadline for filing discovery-related motions is **April 15, 2011**.

G. MOTIONS TO AMEND: The parties shall file all motions to amend on or before **January 3, 2011**.

H. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 1, 2011**. Defendants shall identify and disclose all expert witness reports on or before **March 1, 2011**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **April 15, 2011**.

J. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **April 30, 2011**. Responses to dispositive motions shall be filed within **21 days** after service. Optional replies, <u>limited to five pages</u>, shall be filed within **14 days** after service of the response. Other briefs shall not exceed <u>20 pages</u>.

K. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. JOINT MEDIATION REPORT: The parties shall submit a Joint Mediation Report on **February 1, 2011**. A telephone conference

with Magistrate Judge Brown to discuss case progress is set for **Thursday, February 1, 2011, 10:00 a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

M. ESTIMATED TRIAL TIME: The parties expect the Bench trial to last approximately two days. A trial date on or after **October 3, 2011**, is recommended, if needed. The Parties believe this case may well be resolved on summary judgment.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge